UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE R. JARKESY, JR., § <br> § <br> and § <br> § <br> PATRIOT28, LLC, § <br> § <br>  Plaintiffs, § <br> § <br> v. § <br> § <br> UNITED STATES SECURITIES AND § <br> EXCHANGE COMMISSION, § <br> § <br>  Defendant. § | Civil Action No. 1:14-cv-00114-BAH |

## PROPOSED BRIEFING SCHEDULE

Pursuant to the Court's order issued at the conclusion of the hearing held on January 31, 2014 ("Hearing"), and the Court's extension granted on February 4, 2014, Plaintiffs George R. Jarkesy, Jr. and Patriot28, LLC (collectively, "Plaintiffs") and the Securities and Exchange Commission ("SEC") submit the following proposed briefing schedule to resolve Plaintiffs' pending application for preliminary injunctive relief.

**1.   Ruling on Subject Matter Jurisdiction**

The SEC challenged subject matter jurisdiction in its response to Plaintiffs' motion for temporary restraining order. Based upon certain findings issued in the Court's ruling at the conclusion of the Hearing, it appears that the Court has determined that the Court does not have subject matter jurisdiction over Plaintiffs' claims.

The Supreme Court admonished in *Ashcroft v. Iqbal*:

> When it perceives that subject matter jurisdiction is in question, the Court should address the issue *sua sponte*. *See Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 38 (D.D.C. 2007) (citing *Doe by Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C.Cir. 1996) (noting that, because subject

matter jurisdiction "goes to the foundation of the court's power to resolve a case, [] the court is obliged to address it *sua sponte*")). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L. Ed. 2d 868 (2009). *See Galvan v. Fed. Prison Indus.*, 199 F.3d 461, 463 (D.C. Cir. 1999) ("Jurisdiction must be established before a federal court may proceed to any other question."); *Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 549 (D.C. Cir. 1981) ("The federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds.").

Although Plaintiffs disagree with the findings and continue to assert that the Court has jurisdiction over Plaintiffs' claims, the parties propose that the Court first issue a ruling on subject matter jurisdiction at the Court's earliest convenience. Both parties rest in their previously-filed briefs and oral argument for the Court's ruling on subject matter jurisdiction. The SEC intends to file within the next few days a motion to dismiss this case. In the event the Court finds it does not have subject matter jurisdiction over Plaintiffs' claims, no further briefing by either party would be necessary.

2.      **Expedited Discovery Schedule, in the Event the Court Declines to Dismiss**

In the event the Court finds that the Court has subject matter jurisdiction over Plaintiffs' claims, Plaintiffs seek to engage in discovery for their claims on an expedited basis prior to submitting additional briefing on Plaintiffs' request for a preliminary injunction.

Discovery will be necessary because the SEC has refused Plaintiffs' efforts to gain access to the relevant documents and data on Plaintiffs' evidence-based claims. This

includes a request in the administrative proceeding for issuance of subpoenas to the SEC's custodian of records to produce the following documents:

All documents, media and electronic data:

(1) regarding, relating to or referring to the negotiation, recommendation, consideration and approval of the settlement between the Securities Exchange Commission ("SEC") and Anastasios "Tommy" Belesis ("Belesis") and John Thomas Financial, Inc. ("JTF") in Administrative Proceeding No. 3-15255, including, but not limited to, all action memoranda, summaries, correspondence, notes, audio recordings and video recordings of all meetings, and all communications between and among staff members of the Enforcement Division and the Commissioners, including the Commissioners' staff, and all communications between staff members of the Enforcement Division and Belesis or JTF;

(2) regarding the drafting, consideration and acceptance of the Order Making Findings, Imposing Remedial Sanctions and a Cease-and-Desist Order as to JTF and Belesis, issued by the Commission on December 5, 2013, and the accompanying Offer of Settlement, and all action memoranda, summaries, correspondence, notes, and all audio recordings and video recordings of all meetings and proceedings conducted as to the findings against George R. Jarkesy, Jr. ("Jarkesy") and John Thomas Capital Management, Inc. d/b/a Patriot28, LLC ("Patriot28");

(3) regarding, relating to or referring to the Commission's decision to initiate the enforcement proceeding against Jarkesy and Patriot28 as an administrative proceeding instead of federal court proceeding;

(4) regarding, relating to or referring to all standards, criteria, policies and procedures established or used by or for the SEC, the Commission or its employees for determining whether to initiate an administrative proceeding or federal court proceeding for all enforcement actions for which the Commission has concurrent administrative and federal court authority; and

(5) all communications received by or through the SEC or any of its agents or employees, on or after January 1, 2009, that reference Jarkesy or Patriot28 (f/k/a John Thomas Capital Management, LLC) by full, former or partial name.

At the same time, Plaintiffs sought issuance of a subpoena for one or more witnesses, to be designated by the SEC, to testify on those same topics. The Division of Enforcement objected to the issuance of the subpoenas in the administrative proceeding, and the ALJ denied the request, as reflected in Administrative Proceedings Rulings Release No. 1242. Plaintiffs have also sought production of the same documents, data and testimony from the SEC's Office of General Counsel, which represents the SEC in this action. The SEC has stated that discovery is not appropriate unless and until the Court determines that it has subject matter jurisdiction over Plaintiffs' claims. Based upon Plaintiffs' inability to obtain access to the necessary information any other way, Plaintiffs seek expedited discovery of this information.

The SEC takes the position that no discovery is necessary to resolve this matter, and if the Court does permit discovery, that expedited discovery is not necessary.

Plaintiffs anticipate completing discovery within 30 days after a ruling by the Court that it indeed is vested with subject matter jurisdiction over Plaintiffs' claims.

3.   **Submission of Briefs Regarding Preliminary Injunction Motion**

The parties propose that Plaintiffs will file a brief in support of its motion for preliminary injunction 30 days after completion of discovery, and the SEC will file its responsive brief within 30 days after Plaintiffs' submission.

                         Respectfully Submitted,

                         HUNTON & WILLIAMS, LLP

                         By: _Mark B. Bierbower_
                         Mark B. Bierbower
                         District Of Columbia Bar No. 320861
                         2200 Pennsylvania Avenue NW
                         Washington, DC 20037
                         202.955.1665 (telephone)
                         202.778.2201 (fax)

**Karen Cook, Esq.**\*
KAREN COOK, PLLC
E-mail: karen@karencooklaw.com
Phone: 214.593.6429
1717 McKinney Avenue, Suite 700
Dallas, Texas  75202
Fax: 214.593.6410

**Stephen Gleboff, Esq.**\*
GLEBOFF LAW GROUP, PLLC
E-mail: sgleboff@gleboff-law.com
Phone: 214.593.6458
1717 McKinney Avenue, Suite 700
Dallas, Texas  75202
Fax: 214.593.6410

**S. Michael McColloch, Esq.**\*
S. MICHAEL MCCOLLOCH, PLLC
E-mail: smm@mccolloch-law.com
1717 McKinney Avenue, Suite 700
Dallas, Texas  75202
Phone: 214.593.6415
Fax: 214.593.6410

**ATTORNEYS FOR PLAINTIFFS GEORGE R. JARKESY, JR. AND JOHN THOMAS CAPITAL MANAGEMENT GROUP D/B/A PATRIOT28 LLC**

\* Appearing *pro hac vice*.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 18, 2014, copies of the foregoing Proposed Briefing Schedule were served on the parties below and in the manner indicated.

By: _____
Mark B. Bierbower, Esq.

Richard M. Humes
Associate General Counsel
U.S. Securities and Exchange Commission
100 F. Street, N.E.
Washington, DC 20549
*VIA E-MAIL:* humesr@sec.gov
*VIA COURIER*

Sam Forstein
Assistant General Counsel
U.S. Securities and Exchange Commission
100 F. Street, N.E.
Washington, DC 20549
*VIA E-MAIL:* forsteins@sec.gov
*VIA COURIER*